Matthew B. Hayhurst
Elliott D. McGill
BOONE KARLBERG P.C
201 West Main, Suite 300
P. O. Box 9199
Missoula, MT 59807-9199
Telephone: (406) 543-6646
Facsimile: (406) 549-6804
mhayhurst@boonekarlberg.com
emcgill@boonekarlberg.com
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| VB BTS II, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LAKE COUNTY, MONTANA and THE LAKE COUNTY, MONTANA BOARD OF ADJUSTMENT, <br><br> Defendants. | Cause No. <br><br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE TELECOMMUNICATIONS ACT OF 1996** |

## COMPLAINT

Plaintiff VB BTS II, LLC ("Vertical Bridge" or "Plaintiff"), by and through undersigned counsel, and for its Complaint against Defendants Lake County, Montana (the "County") and the Lake County, Montana Board of Adjustment ("the "Board"), (collectively, the "County Defendants"), states and alleges as follows:

1

## NATURE OF THE MATTER

1. This action seeks relief from the County Defendants' improper denial of Vertical Bridge's applications to construct a wireless communications tower (colloquially called a "cell tower"; hereinafter, the "Proposed Tower") on property owned by International RV, LLC and described as SE1/4SE1/4 of Section 21, Township 23 North, Range 19 West, P.M. in the County (the "Property") and intended to remedy an existing, significant, and well-known gap in coverage near the Finley Point area of Polson, Montana.

2. The County Defendants twice denied Vertical Bridge's applications to construct the Proposed Tower on the Property, effectively prohibiting Vertical Bridge from remedying the existing, significant, and well-known gap in coverage.

3. Following the first denial (the "First Denial") of Vertical Bridge's applications, Vertical Bridge and the County Defendants executed a binding agreement to toll the statute of limitations regarding the First Denial until a decision could be made by County Defendants on Vertical Bridge's second set of applications to construct the Proposed Tower.

4. Even after Vertical Bridge submitted a second set of applications providing the County Defendants with additional information detailing the existing gap in coverage, Vertical Bridge's selection of the Property as the least intrusive means for the construction of the Proposed Tower, and the interest expressed by

other providers in co-locating on the Proposed Tower once approved, the County Defendants denied Vertical Bridges second set of applications (the "Second Denial").

5. The Second Denial further prevented Vertical Bridge from remedying the existing, significant, and well-known gap in coverage.

6. Both denials violate 47 U.S.C. § 332(c)(7)(B)(i)(II) because the denials have the effect of prohibiting the provision of personal wireless services in and around the County.

7. Moreover, the County's zoning ordinances, as applied to cell towers, violate 47 U.S.C.§ 253(a) because they have the effect of prohibiting the ability of carriers to provide telecommunications services in and around the County.

8. Vertical Bridge seeks declaratory, injunctive, and mandamus relief pursuant to 47 U.S.C. § 332, 47 U.S.C.§ 253, and 28 U.S.C. § 2201, and requests that the County Defendants be ordered to approve Vertical Bridge's applications or that the applications be deemed approved.

## PARTIES

9. VB BTS II, LLC is, and at all times relevant hereto has been, a Delaware limited liability company registered to conduct and conducting business in the State of Montana. Vertical Bridge's primary place of business is in Boca Raton, Florida.

10. The County is a political subdivision in the State of Montana.

11. The Board is the duly authorized board of adjustment for the County.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1367 because these claims arise under the laws of the United States, specifically 47 U.S.C. § 332 and 47 U.S.C.§ 253 (also known as the Telecommunications Act of 1996 or "TCA").

13. This case presents an actual controversy under Article III of the United States Constitution and 28 U.S.C. § 2201 because the County has violated Vertical Bridge's federal rights under the TCA.

14. Venue is proper in this Court because the County is located in this judicial district, and the Missoula Division in particular, and the property affected is located within this judicial district and the Missoula Division.

15. The TCA provides that "the Court shall hear and decide such action on an expedited basis." 47 U.S.C. § 332(c)(7).

## FACTS COMMON TO ALL COUNTS

16. Vertical Bridge is in the wireless telecommunications industry and places, constructs, modifies, operates, and manages telecommunication infrastructure on behalf of its clients across the United States.

4

17. The express policy of the TCA is that "[c]onsumers in all regions of the Nation, including low income consumers and those in rural, insular, and high cost areas, should have access to telecommunications and information services…reasonably comparable to those services provided in urban areas and that are available at rates that are reasonably comparable to rates charged for similar services in urban areas." 47 U.S.C. § 254(b)(3).

A. <u>LOCATION OF THE PROPOSED TOWER</u>

18. After first looking for opportunities to co-locate on existing towers in the area, a carrier and provider of wireless communications services (the "Carrier") engaged Vertical Bridge to locate, construct, and operate a telecommunications tower to remedy a gap in its coverage in and around the Finley Point zoning district ("Finley Point") and to improve its overall network.

19. Vertical Bridge conducted a thorough review of the area affected by the gap in cell and wireless service to determine which location would best achieve the Carrier's objectives as well as best comply with the requirements of federal, state, and local law, and the Lake County Finley Point Zoning District and Regulations (the "Ordinances").

20. The Zoning Ordinances do not permit construction of any structure, including a cell tower, over thirty feet in height.

21. The Zoning Ordinances do not permit any Community Commercial use, of which the construction of a cell tower qualifies, within 500 feet of the centerline of Highway 35.

22. There are no cell towers in or near Finley Point because no cell tower has ever been approved for placement in Finley Point.

23. The dearth of cell towers in Finley Point has resulted in extreme gaps in coverage and service for multiple carriers, including the Carrier.

24. Vertical Bridge made multiple attempts to place the Proposed Tower outside of Finley Point, including on nearby tribal territory but was not able to identify a viable parcel outside of Finley Point for placement of the Proposed Tower. Vertical Bridge provided the County Defendants with information regarding the alternate sites considered.

25. Vertical Bridge entered into a lease agreement to place the Proposed Tower on the Property.

B. THE PROPOSED TOWER

26. Vertical Bridge cannot remedy the Carrier's gap in coverage with a thirty-foot tower. Indeed, upon information and belief, no telecommunications carrier could remedy a gap in coverage in this area at that height.

27. Vertical Bridge provided radio frequency ("RF") maps to the County showing the Carrier's significant gap in coverage in and around Finley Point.

28.     Moreover, many Finley Point residents wrote to the County Defendants and indicated they experience poor cell coverage in Finley Point.

29.     Vertical Bridge designed and located the Proposed Tower so that it would be the least intrusive means of remedying the Carrier's gap in coverage.

30.     Vertical Bridge submitted both a conditional use permit application and two variance applications on March 31, 2023 (the "First Applications") to construct a 160-foot monopine (faux pine tree) on the Property and to adequately remedy the existing gap in cellular coverage in Finley Point.

31.     The first variance application was to construct the Proposed Tower at the required height for meeting the Carrier's objectives.

32.     The second variance was from the Ordinance's requirement that the Proposed Tower be constructed within 500 feet of the centerline of Montana Highway 35. Because of the topography on and around the Property, Vertical Bridge would need to construct a much taller (250-foot), undisguised tower in order to achieve the Carrier's coverage objectives within 500 feet of the centerline. Accordingly, constructing the Proposed Tower farther from the highway centerline best achieves the Ordinance's goal of limiting the height and visibility of the Proposed Tower.

C.  **THE DENIALS**

33.     On April 12, 2023, the Board considered the First Applications. The County Defendants issued the First Denial on April 18, 2023.

34.     At the Board's hearing on Vertical Bridge's First Applications, there were suggestions that the Board might have come to a different result if a second carrier agreed to place its equipment on the Proposed Tower.

35.     Vertical Bridge negotiated and entered into a tolling agreement for the statute of limitations so that Vertical Bridge could resubmit its applications with documentation evidencing that a second carrier would collocate on the Proposed Tower once constructed.

36.     On June 7, 2023, Vertical Bridge resubmitted its applications and application materials with additional documentation of a second carrier's intent to place its equipment on the Proposed Tower (the "Second Applications").

37.     On July 12, 2023, the Board considered the Second Applications.

38.     On July 18, 2023, the Board issued a written denial of the Second Applications (the "Second Denial").

39.     Both denials (collectively, the "Denials") incorporate the reasoning of the staff reports, which recommended denial because the height of the Proposed Tower exceeded the limitations in the Ordinance, and the Proposed Tower was not located within 300 feet of the highway centerline.

40. The parties agreed that the deadline to appeal the Denials was August 17, 2023. Thus, this lawsuit is timely filed.

## COUNT I—VIOLATION OF 47 U.S.C. § 332(c)(7)(B)(i)(II)
## (EFFECTIVE PROHIBITION OF CELL SERVICE—FIRST DENIAL)

41. Vertical Bridge restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

42. The TCA provides, "The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof…shall not prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(II).

43. Vertical Bridge submitted evidence to the County Defendants with its First Applications in the form of RF maps demonstrating the Carrier has a significant gap in its coverage in and around Finley Point.

44. Vertical Bridge submitted evidence to the County Defendants with its First Applications that the Proposed Tower on the Property is the least intrusive means of remedying that gap in coverage.

45. Despite this, the County Defendants denied Vertical Bridge's First Applications.

46. Therefore, County Defendants' First Denial has the effect of prohibiting the provision of personal wireless services in violation of the TCA, and, in particular, 47 U.S.C. § 332(c)(7)(B)(i)(II).

47. Further, the First Denial materially inhibits Vertical Bridge's and the Carrier's ability to provide enhanced coverage in the area.

48. The County Defendants' failure to comply with the requirements of the TCA and their refusal to approve the First Applications has caused and will continue to cause Vertical Bridge irreparable harm as Vertical Bridge and the Carrier cannot provide improved wireless service without the Proposed Tower.

## COUNT II—VIOLATION OF 47 U.S.C. § 332(c)(7)(B)(i)(II)
### (EFFECTIVE PROHIBITION OF CELL SERVICE—SECOND DENIAL)

49. Vertical Bridge restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

50. The TCA provides, "The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof…shall not prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(II).

51. Vertical Bridge submitted evidence to the County Defendants with its Second Applications in the form of RF maps demonstrating the Carrier has a significant gap in its coverage in and around Finley Point.

52. Vertical Bridge submitted evidence to the County Defendants with its Second Applications that the Proposed Tower on the Property is the least intrusive means of remedying that gap in coverage.

53.     Vertical Bridge submitted evidence to the County Defendants with its Second Applications that a second carrier would co-locate on the Proposed Tower if permitted, which would further remedy the existing gap in coverage and benefit customers of both carriers and the public in and around the City.

54.     Despite this evidence, the County Defendants denied the Second Applications.

55.     The County Defendants' Second Denial has the effect of prohibiting the provision of personal wireless services in violation of the TCA and, in particular, 47 U.S.C. § 332(c)(7)(B)(i)(II).

56.     Further, the Second Denial materially inhibits Vertical Bridge's and the Carrier's ability to provide enhanced coverage in the area.

57.     The County Defendants' failure to comply with the requirements of the TCA and their refusal to approve the Second Applications has caused and will continue to cause Vertical Bridge irreparable harm as Vertical Bridge and the Carrier cannot provide improved wireless service without the Proposed Tower.

**COUNT III—VIOLATION OF 47 U.S.C. § 253(a)**
**(EFFECTIVE PROHIBITION OF CELL SERVICE—FIRST DENIAL)**

58.     Vertical Bridge restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

59.     The TCA provides, "No State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the

ability of any entity to provide any interstate or intrastate telecommunications service." 47 U.S.C. § 253(a).

60. The County's height limitation of thirty feet is a local regulation and/or requirement.

61. Upon information and belief, no telecommunications carrier can construct a thirty-foot tower in Finley Point and provide adequate coverage and service to its customers.

62. No cell tower has ever been constructed in Finley Point or in the immediate vicinity of Finley Point.

63. The Carrier cannot remedy its gap in coverage in and around Finley Point with a thirty-foot tower.

64. The County Defendants denied Vertical Bridge's First Applications in large part because of this height limitation.

65. Upon information and belief, but for Vertical Bridge's inability to satisfy the height requirement, the County Defendants would have approved the First Applications.

66. The County's height limitation material inhibits and has the effect of prohibiting the ability of Vertical Bridge and the Carrier from providing interstate and intrastate telecommunications service in violation of the TCA.

67. The County Defendants' failure to comply with the requirements of the TCA and their refusal to approve the First Applications has caused and will continue to cause Vertical Bridge irreparable harm as Vertical Bridge and the Carrier cannot provide improved wireless service without the Proposed Tower.

### COUNT IV—VIOLATION OF 47 U.S.C. § 253(a)
### (EFFECTIVE PROHIBITION OF CELL SERVICE—SECOND DENIAL)

68. Vertical Bridge restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

69. The TCA provides, "No State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service." 47 U.S.C. § 253(a).

70. The County's height limitation of thirty feet is a local regulation and/or requirement.

71. Upon information and belief, no telecommunications carrier can construct a thirty-foot tower in Finley Point and provide adequate coverage and service to its customers.

72. No cell tower has ever been constructed in Finley Point or in the immediate vicinity of Finley Point.

73. The Carrier cannot remedy its gap in coverage in and around Finley Point with a thirty-foot tower.

74. The County Defendants denied Vertical Bridge's Second Applications in large part because of this height limitation.

75. Upon information and belief, but for Vertical Bridge's inability to satisfy the height requirement, the County Defendants would have approved the Second Applications.

76. The County's height limitation material inhibits and has the effect of prohibiting the ability of Vertical Bridge and the Carrier from providing interstate and intrastate telecommunications service in violation of the TCA.

77. The County Defendants' failure to comply with the requirements of the TCA and their refusal to approve the Second Applications has caused and will continue to cause Vertical Bridge irreparable harm as Vertical Bridge and the Carrier cannot provide improved wireless service without the Proposed Tower.

### COUNT V—DECLARATORY RELIEF
### (FEDERAL DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201-2202)

78. Vertical Bridge restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

79. The Denials amount to effective prohibition, violating the TCA.

80. The Ordinance's 30-foot height limitation has the effect of prohibiting cell service, violating the TCA.

81.     A real, immediate, actual, justifiable, and substantial continuing controversy exists between Vertical Bridge and the County Defendants as to whether the Denials and the Ordinance's height limitation violate the TCA.

82.     There is a bona fide, actual, present, and practical need for a declaration of Vertical Bridge's right to an approval of its applications to construct the Proposed Tower.

83.     Vertical Bridge's interest in the declaration of its rights are actual and adverse to those of the County Defendants.

84.     All conditions precedent to the relief demanded herein have been performed.

WHEREFORE, Vertical Bridge requests that this Court:

(i) Declare that the County Defendants' First Denial has the effect of prohibiting the provision of personal wireless services in violation of the TCA;

(ii) Declare that the County Defendants' Second denial has the effect of prohibiting the provision of personal wireless services in violation of the TCA;

(iii) Declare that the County Defendants' height limitation has the effect of prohibiting the provision of personal wireless services in violation of the TCA;

(iv) Issue an Order prohibiting the County Defendants from denying the First Applications;

(v) Issue an Order prohibiting the County Defendants from denying the Second Applications;

(vi)     Issue an Order requiring the County Defendants to complete the ministerial act of approving the First Applications;

(vii)     Issue an Order requiring the County Defendants to complete the ministerial act of approving the Second Applications;

(viii)     Issue a writ of certiorari and/or mandamus directing the County Defendants to discharge their duties properly and to approve the First Applications;

(ix)     Issue a writ of certiorari and/or mandamus directing the County Defendants to discharge their duties properly and to approve the Second Applications;

(x)     Issue an Order requiring the County Defendants to certify to this Court a true, full, and complete copy of the record of the acts and procedures involved in the First Denial and Second Denial so that this Court may review the data and records and adjudicate upon the legality of said proceedings under the TCA;

(xi)     Issue an Order reserving jurisdiction to this Court to resolve any issues between the parties as to further permit issues; and

(xii)     Provide for such other and further relief as the Court deems just and proper.

DATED: August 16, 2023

                                                 BOONE KARLBERG P.C.

                                                 /s/Matthew Hayhurst
                                                 Matthew B. Hayhurst
                                                 Elliott D. McGill
                                                 *Attorneys for Plaintiff*